Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
John C. Shaw, OSB No. 065086
Email: john@meganglor.com
Megan E. Glor, Attorneys at Law, P.C.
707 NE Knott Street, Suite 101
Portland, OR 97212
Telephone: (503) 223-7400
Facsimile: (503) 751-2071

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **DEBRA KOEHNKE,**<br><br>          **Plaintiff,**<br><br>   **v.**<br><br>**UNUM LIFE INSURANCE COMPANY OF AMERICA,**<br><br>        **Defendant.** | **Case No. 6:23-cv-00819**<br><br>**COMPLAINT**<br>**(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B))** |

## I.    NATURE OF THE CASE

1.

This is an action for a determination of plaintiff Debra Koehnke's rights to disability benefits and to recover such benefits and other equitable relief.

/ /

**COMPLAINT - Page 1 of 6**

2.

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.

3.

On or about May 15, 2021, Ms. Koehnke became disabled as the result of severe low back pain, compounded by symptoms of fibromyalgia and side effects of prescribed pain medication. Subsequently, she submitted a claim for disability benefits through her employer's group disability plan, issued and insured by defendant Unum Life Insurance Company of America ("Unum"). Ms. Koehnke's short-term disability ("STD") claim was approved through the STD plan's 180-day maximum benefit period. Unum wrongfully denied Ms. Koehnke's long-term disability ("LTD") benefit claim. Ms. Koehnke seeks judgment overturning Unum's erroneous and arbitrary claim denial and other relief available under ERISA.

## II.     **PARTIES**

4.

***Plaintiff.*** Plaintiff Debra Koehnke is an adult and a resident of Marion County, Oregon and was an employee of Morrow Equipment, within the meaning of ERISA § 3, 29 U.S.C. § 1002(6).

5.

Ms. Koehnke is a "participant," as defined by ERISA § 3, 29 U.S.C. § 1002(7), in the Morrow Equipment LTD plan, insured by Unum ("the LTD Plan").

6.

***Defendant***. Defendant Unum is a foreign insurance company regularly doing business in

**COMPLAINT - Page 2 of 6**

Oregon. Unum is the "administrator" of the LTD Plan within the meaning of ERISA § 3, 29

U.S.C. § 1002(16).  Unum is a "fiduciary" of the LTD Plan within the meaning of ERISA § 3, 29

U.S.C. § 1002(21) because it made determinations with respect to Ms. Koehnke's LTD claim

regarding its obligation to pay her fully-insured benefits provided through the LTD Plan.

### III.    JURISDICTION AND VENUE

7.

Jurisdiction of this Court arises pursuant to ERISA, 29 U.S.C § 1001, et seq., ERISA §

502, 29 U.S.C. 1132(a)(1)(B), (a)(3) and (e)(1). Venue is proper under ERISA § 502(e)(2), 29

U.S.C. § 1132(e)(2), because, *inter alia*, Unum resides or may be found in this district.

### IV.    STATEMENT OF FACTS

8.

Ms. Koehnke began to work for Morrow Equipment in 2014.

9.

On or about May 15, 2021, Ms. Koehnke left her position with Morrow Equipment due to

disabling low back pain, compounded by symptoms of fibromyalgia and side effects of

prescribed pain medication.

10.

Ms. Koehnke subsequently submitted a claim for benefits through the LTD Plan.

11.

By letter dated January 25, 2022, Unum denied Ms. Koehnke's LTD claim and monthly

LTD benefit.

/ /

**COMPLAINT - Page 3 of 6**

12.

By letter dated July 22, 2022 and subsequent submissions, Ms. Koehnke appealed

Unum's LTD claim denial pursuant to ERISA.

13.

By letter dated January 23, 2023, Unum denied Ms. Koehnke's ERISA appeal and

affirmed its denial decision.

## V.     <u>CLAIMS</u>

**FIRST CLAIM -- CLAIM FOR BENEFITS, ENFORCEMENT OF RIGHTS AND
CLARIFICATION OF FUTURE BENEFITS RIGHTS UNDER
ERISA § 502(A)(1)(B), 29 U.S.C. § 1132(A)(1)(B)**

14.

Ms. Koehnke realleges paragraphs 1 through 13.

15.

Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Ms. Koehnke is entitled to

recover benefits due under the LTD Plan that were wrongfully withheld by Unum commencing

on or about November 11, 2021, and to enforce her rights under the terms of the LTD Plan.

**SECOND CLAIM -- CLAIM TO ENFORCE TERMS OF
THE PLAN UNDER ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)**

16.

Ms. Koehnke realleges paragraphs 1 through 15.

17.

ERISA imposes strict fiduciary duties upon plan fiduciaries, including Unum. ERISA §

404(a)(1)(C), 29 U.S.C. § 1104(a), states in relevant part, that a plan fiduciary must discharge its

duties with respect to a plan "solely in the interest of the participants and beneficiaries and…in

**COMPLAINT - Page 4 of 6**

accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV."

18.

Unum violated its obligations under ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a), by failing to act in accordance with the documents and instruments governing the LTD Plan and breached its fiduciary duty to Ms. Koehnke.

19.

As a direct and proximate result of Unum's acts and omissions, Ms. Koehnke has suffered losses and seeks equitable relief compelling Unum to restore to Ms. Koehnke all losses, including interest, arising from Unum's breaches of fiduciary duties.

20.

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce plan terms. To the extent full relief is not available under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(b), Ms. Koehnke seeks equitable remedies, including, without limitation, relief resulting from Unum's unjust enrichment, as well as disgorgement, restitution, estoppel, surcharge, and/or injunctive or declaratory relief arising out of their failure to administer the terms of the LTD Plan.

### THIRD CLAIM -- CLAIM FOR ATTORNEY FEES AND COSTS UNDER ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1)

21.

Ms. Koehnke realleges paragraphs 1 through 20.

/ /

**COMPLAINT - Page 5 of 6**

22.

Ms. Koehnke is entitled to recover her attorney fees and costs under 29 U.S.C. § 1132(g)(1).

## II.    REQUEST FOR RELIEF

**WHEREFORE**, Ms. Koehnke requests that this Court:

1.      Enter judgment in Ms. Koehnke's favor and against Unum establishing Ms. Koehnke's right to receive benefits under the LTD Plan and enforcing the terms of the LTD Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

2.      Enter judgment in Ms. Koehnke's favor and against Unum for damages in an amount to be proven at trial due to Unum's failure to provide benefits due under the LTD Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

3.      Enter judgment in Ms. Koehnke's favor and against Unum awarding Ms. Koehnke equitable relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

4.      Enter judgment in Ms. Koehnke's favor and against Unum awarding Ms. Koehnke attorney fees and costs pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2);

5.      Enter judgment in Ms. Koehnke's favor and against Unum awarding Ms. Koehnke such other relief as is just and proper.

DATED: June 6, 2023.

Respectfully submitted,

s/ Megan E. Glor
Megan E. Glor, OSB No. 930178
megan@meganglor.com
Phone: (503) 223-7400
Fax: (503) 751-2071
Attorney for Plaintiff

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400