IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**DEBBIE KOEHNKE**                              Civ. No. 6:23-cv-00819-AA

              Plaintiff,                         **OPINION AND ORDER**

        v.

**UNUM LIFE INSURANCE COMPANY
OF AMERICA**

              Defendant.

_____

AIKEN, District Judge:

      The Employee Retirement Income Security Act ("ERISA") provides that an ERISA plan "participant" may bring a civil action in federal court "to recover benefits due to [them] under the terms of his plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B). Plaintiff Debra Koehnke, a participant in an employee welfare benefit plan established by her former employer, Morrow Equipment

Company ("Morrow"), brings this civil action to challenge the decision made by Defendant Unum Life Insurance, denying her long-term disability (LTD) benefits under the terms of the plan.

Before the Court are the parties opposing motions for judgment on the administrative record, ECF Nos. 26 and 28. For the reasons explained, the Court HOLDS those motions in ABEYANCE.

## DISCUSSION

Before it can resolve the merits of the parties' arguments, the court must determine whether to decide this case on the parties' cross motions for judgment or on a trial on the administrative record. The answer depends on what standard of review the court applies.

I.    Standard of Review

"ERISA does not set out the appropriate standard of review for actions under § 1132(a)(1)(B) challenging benefit eligibility determinations." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 (1989). The Supreme Court, therefore, has prescribed a simple test to determine what standard of review a district court should apply. If the benefits plan provides the plan administrator with "discretionary authority to determine eligibility for benefits," *id.* at 115, review is for abuse of discretion. *Metro. Life Ins. Co. v. Glenn,* 554 U.S. 105, 111 (2008). If the plan does not provide the plan administrator with such authority, however, review is *de novo. Id.* Where, however, review is under the *de novo* standard, the Ninth Circuit has not

definitively stated whether summary judgment is the appropriate vehicle for resolution of an ERISA benefits claim.

II.     Analysis

The *de novo* standard requires the court to make findings of fact and weigh the evidence. *See Walker v. Am. Home Shield Long Term Disability Plan,* 180 F.3d 1065, 1069 (9th Cir.1999) (*de novo* review applies to plan administrator's factual findings as well as plan interpretation). Yet, when deciding a motion for summary judgment, the court is forbidden to make factual findings or weigh evidence. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987) (court may not make factual findings, make credibility determinations, or weigh evidence on review of motion for summary judgment).

This District has found another alternative to resolving an ERISA benefits case on summary judgment: the court may conduct a trial on the administrative record. *Rabbat v. Standard Ins. Co.,* 894 F. Supp. 2d 1311, 1314 (D. Or. 2012) (citing *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1095 (9th Cir.1999) ( "the district court may try the case on the record that the administrator had before it").

In a trial on the administrative record, the district judge will be asking a different question as she reads the evidence, not whether there is a genuine issue of material fact, but instead whether [the plaintiff] is disabled within the terms of the policy. In a trial on the record, but not on summary judgment, the judge can evaluate the persuasiveness of conflicting testimony and decide which is more likely true.

*Id.* Thus, when applying the *de novo* standard in an ERISA benefits case, a trial on the administrative record, which permits the court to make factual findings, evaluate credibility, and weigh evidence, appears to be the appropriate proceeding to resolve the dispute. *Lee v. Kaiser Found. Health Plan Long Term Disability Plan,* 812 F.Supp.2d 1027, 1032 (N.D.Cal.2011) ("De novo review on ERISA benefits claims is typically conducted as a bench trial under Rule 52").

Because the parties have not had opportunity to propose or consent to a bench trial, the Court finds it necessary to hold a hearing to determine the issue. Accordingly, the Court holds the current motions in abeyance until the Court determines whether to rule on the record as it stands or to hold a bench trial, which appears to be proper under this circuit's precedent.

## CONCLUSION

The Court HOLDS in ABEYANCE the parties' motions, ECF Nos. 26, 28. The Court further ORDERS the parties to contact the court within thirty (30) days to schedule a Telephonic Status Conference to determine whether the case is appropriate for a bench trial, in accordance with available law. At that time, the parties may present their position and legal argument. If the parties decide to present legal argument, the Court requests that the parties file or email to the court supplemental briefing two days before the telephonic status conference.

It is so ORDERED

Dated this 31st day of March 2025.


_____ /s/Ann Aiken _____

Ann Aiken
United States District Judge